UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nancy Stelter,<br>　　　Plaintiff, | ) <br> ) <br> ) | CASE NO.: 2:25-cv-00848-DCN-MHC |
| vs. | ) <br> ) | **COMPLAINT** |
| Geodis USA, LLC<br>　　　Defendant. | ) <br> ) <br> ) | **(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and the US Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 and the ADEA of 1967, have occurred or been complied with.

   a. A charge of employment discrimination on the basis of age discrimination, retaliation and retaliatory discharge was filed by the Plaintiff with Equal Employment Opportunity Commission (EEOC).

   b. Notification of the Right to Sue was received from the Equal Employment Opportunity Commission ("EEOC") on or about November 21, 2024.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Nancy Stelter, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. Defendant, Geodis USA, LLC, upon information and belief, is a foreign corporation organized in the State of Pennsylvania and operating in the State of South Carolina.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

8. Defendant employs twenty (20) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about October 14, 2021, the Plaintiff (65) began working for Defendant as an Account Representative.

11. During Plaintiff's employment, she was treated differently than her similarly situated younger co-workers, who were treated with preference. Plaintiff's manager, Danielle Anderson, would allow the younger employees to speak freely without repercussion and also allow them to take more and often longer breaks than the Plaintiff.

12. The Plaintiff reported discrimination and inappropriate behavior, but the Defendant began treating the Plaintiff harshly in retaliation for reporting the discrimination, preferential treatment and inappropriate behavior.

13. The Plaintiff's treatment became more pervasive and began happening on a daily basis. On or about April 19, 2023, Defendant terminated the Plaintiff. Upper management stated in front of Plaintiff that he only wanted 30-year-olds to work there.

14. It was the duty of the Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

15. Despite her reporting the behavior, Defendant did not take appropriate action to resolve the problems.

## FOR A FIRST CAUSE OF ACTION
### Violation of Age Discrimination in Employment Act

16. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

17. Plaintiff is a member of a protected group on the basis of her age. Plaintiff was an employee for a position that she was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against and wrongfully terminated from her position due to her age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

18. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

  a.  In failing to promote or continue to employ Plaintiff due to her age;

  b.  In retaliating against Plaintiff and showing disparate treatment against Plaintiff for filing reports of age discrimination and inappropriate behaviors;

  c.  In discharging Plaintiff due to her age and in retaliation for filing reports of discrimination and inappropriate behaviors.

19. Defendant violated the Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

20. Plaintiff's age was a determining factor in the retaliation, disparate treatment and wrongful termination of the Plaintiff. But for the Plaintiff's age, she would not have been terminated.

21. As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from loss of income, loss of benefits, both of which should be doubled, and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
### Retaliation

22. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

23. That the unjust discharge of Plaintiff's employment with Defendant was the response of Defendant, its agents and servants, to Plaintiff's reports and complaints of discrimination, preferential treatment and inappropriate behavior of Defendant, including age discrimination.

24. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the ADEA of 1967, as amended, 29 U.S.C. §630.

25. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, Plaintiff has suffered and continues to suffer from loss of income, loss of benefits, both of which should be doubled, and other past and future losses.

## REQUEST FOR RELIEF

26. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

27. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

28. That by reason of such wrongful acts of the Defendant, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact, said back pay and benefits to be doubled;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact, said front pay to be doubled;

5. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action an any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Dominic M. Nation*
Dominic M. Nation (Fed. I.D. #14290)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
February 14, 2025.